FORD, et al. *v.* MURDOCK ACCEPTANCE CORPORATION.

No. 41102          June 8, 1959          112 So. 2d 544

*Pyles & Tucker,* Jackson, for appellant.

*Watkins & Eager, Elizabeth W. Hulen,* Jackson, for appellees.

KYLE, J.

This case is before us on appeal by T. E. Ford, Jr., and his wife, Ruth Ford, defendants in the court below, from a judgment of the Circuit Court of the First Judicial District of Hinds County affirming a judgment rendered by the county court in favor of Murdock Acceptance

Corporation, plaintiff, in an action of replevin for the possession of a 1952 Chrysler 4-door automobile.

The affidavit in replevin was filed on July 2, 1956. The writ was issued and served upon the defendants on July 3, 1956. The defendants executed bond in the sum of $1,000, which was double the amount of the value of the Chrysler automobile, and retained possession of the property. The declaration in replevin was filed by the plaintiff on November 10, 1956. In its declaration the plaintiff alleged that on August 19, 1955, the defendants executed a promissory note in the principal sum of $1255 payable to the plaintiff, and a chattel mortgage on the Chrysler automobile and other personal property, which said promissory note and chattel mortgage provided for the repayment of said loan in 20 monthly installments of $60 each commencing September 17, 1955, and one final payment of $55 due and payable May 17, 1957; that the defendants had paid the sum of $360 on said note, the last payment having been made on May 2, 1956; that the remainder of the payments provided for in said promissory note and chattel mortgage had not been paid prior to July 2, 1956, when the affidavit in replevin was filed; that because of the defendants' failure to pay the installment due on March 17, 1956, and the installments due thereafter, the plaintiff had exercised its option to declare the entire unpaid balance of the indebtedness due and had filed the affidavit in replevin to obtain possession of the property in accordance with the pro-visions of the chattel mortgage. The plaintiff attached to its declaration copies of the chattel mortgage and the promissory note.

The defendants filed their answer on February 26, 1957, and in their answer stated that they were not guilty of the wrongs charged against them in the plaintiff's declaration. The defendants also stated in their answer, as affirmative matters of defense, that they purchased the Chrysler automobile from the Craigo Motors in the City of Jackson on September 22, 1954, and that on the

same date they obtained a loan of $1,000 from the plaintiff for the payment of the purchase price of said automobile, and executed a promissory note therefor in the sum of $1,546 to be paid over a period of 24 months and a chattel mortgage on the automobile and certain household furniture to secure the payment of said note; that the defendants thereafter made eleven monthly payments in the amount of $66 each on said note, leaving a balance due thereon in the sum of $820; that the note and chattel mortgage dated September 24, 1954, were illegal and usurious in that a greater rate of interest than 20 per cent per annum was contracted for and charged the defendants for the said loan of money; and that the defendants were entitled to recover from the plaintiff all of the payments theretofore made upon said note. The defendants further alleged in their answer that on August 19, 1955, they were required to enter into another contract with the plaintiff, and to execute a new note for the sum of $1255 and a new chattel mortgage to secure the payment of same, in order that they might obtain an extension of time for the payment of the balance of $820 due and owing on the note dated September 20, 1954, said note for the sum of $1255 and said chattel mortgage given to secure the same being the note and chattel mortgage referred to in the plaintiff's declaration. The defendants further alleged that they had paid the sum of $378.11 on said renewal note dated August 19, 1955; that said renewal note was usurious in that the plaintiff contracted, charged, and collected from the defendants interest thereon in excess of 20 per cent per annum; and that the plaintiff was not entitled to recover the amount claimed to be due thereon. The defendants further alleged that they were entitled to recover from the plaintiff all of the payments theretofore made upon the above mentioned usurious contracts; and the defendants attached to their answer a counterclaim against the plaintiff for the sum of $2,-

905.11, and asked for a judgment against the plaintiff for said amount.

The plaintiff filed an answer to the affirmative matter set up in the defendants' answer and counterclaim, and in its answer the plaintiff denied that the defendants had procured a loan from the plaintiff on September 22, 1954, in the amount of $1,000 for the payment of the balance due on the purchase price of the Chrysler automobile. The plaintiff alleged that the defendants on said date borrowed from the plaintiff the sum of $1,085 and executed a promissory note to the plaintiff in the amount of $1,546 to be repaid over a period of 24 months, and secured the payment of said note by a chattel mortgage on the automobile and certain household furniture. The plaintiff alleged that the note dated September 22, 1954, had been paid in full, and that the original note together with the chattel mortgage had been returned to the defendants. The plaintiff alleged that the defendants had made ten payments on the note aggregating the sum of $660 prior to August 8, 1955, leaving a balance due on the note in the sum of $886; that the defendants requested permission to pay said balance in full at that time, and that the request was granted, and the defendants were given credit for the unearned interest in the amount of $38, leaving a balance due and payable in the sum of $848. The plaintiff denied that the note dated September 22, 1954, was illegal or usurious and the plaintiff specifically denied that a greater rate of interest than 20 per cent per annum was contracted for or charged for said loan. The plaintiff alleged that the defendants, at the time they borrowed the said sum of $1,085 on September 22, 1954, requested the plaintiff to procure for them policies of collision insurance on said automobile and policies of accident, health and credit life insurance, and that the total amount of the loan was $1,359.44, on which an interest charge was made in the sum of $124.56; and that at the time of the closure of

the loan an additional charge of $60 was made to cover the examination and appraisal of the property; and the face amount of the note was therefore $1,546. The plaintiff further alleged in its answer to the special matter set forth in the defendants' answer and cross claim, that the indebtedness described in the declaration in replevin included the sum of $848 paid to the plaintiff as a final payment on the 1954 loan, and new advancements in the sum of $152; and that the note signed by the defendants on August 19, 1955, included those amounts and amounts advanced by the plaintiff for collision insurance and accident, health and credit life insurance, and interest on the new loan which was to be repaid in 21 monthly installments. The plaintiff incorporated in its answer a detailed statement of the several amounts which made up the total sum of $1,255 called for in the note of August 19, 1955.

The case was set for trial on July 16, 1957. A jury was impaneled, and four witnesses were called to testify. The defendant, T. E. Ford, Jr., was called to testify as an adverse witness by the plaintiff, and testified at length concerning the loans obtained by him and his wife on September 22, 1954, and during the month of August 1955. The defendants' attorneys reserved their right to recall witness for direct examination as a witness in his own behalf before the case was finally submitted. Mrs. T. E. Ford, Jr., was also called to testify as an adverse witness by the plaintiff, and the defendants' attorneys likewise reserved their right to recall her for direct examination before the case was finally submitted. C. W. Conner, branch manager of the Jackson office, and Fred L. Cain, field representative of the plaintiff corporation, were also called to testify as witnesses for the plaintiff.

At the conclusion of Cain's testimony, and before the plaintiff had rested its case, the court stated that the entire case according to the pleadings was based on the

question of usury, which must be ascertained by a computation by the court, and that the court would not admit any testimony of the defendants to the effect that they did not authorize the deductions for the various insurance premiums, for the reason that the question was not raised in the pleadings, the answer and cross action of the defendants; that the question of usury was a mixed question of fact and law for the court to decide; that the only other question left in the case was the question of the value of the automobile at the time it was seized and at the time of the hearing; and that the parties had agreed that the court might decide that question without the intervention of a jury, "but reserved all other rights as to a jury." The court then stated that he had discharged the jury, and that the hearing would be continued for a final decision by the court without the intervention of a jury. The court stated that either party might dictate into the record, or the court would hear testimony on, anything that either of the parties would like to prove for the sake of the record.

The court then heard the testimony of D. J. Carr, an employee of the plaintiff Murdock Acceptance Corporation, concerning the value of the automobile involved in the replevin suit at the time the property was seized under the writ of replevin and at the time of the trial. The attorneys for the respective parties thereafter filed with the court voluminous calculations prepared by special accountants to assist the court in determining whether the interest rates charged in the installment notes exceeded 20 per cent per annum. The court took the case under advisement, and on November 12, 1957, rendered a judgment against the defendants and the sureties on their replevin bond for the restoration to the plaintiff of the Chrysler automobile or the payment to the plaintiff of $460, being the value of the automobile fixed by the court. From that judgment the defendants prosecut-

ed an appeal to the circuit court; and on June 13, 1958, the circuit court affirmed the judgment of the county court.

The appellants' attorneys have assigned and argued in their briefs several errors as grounds for reversal of the judgment of the lower court. But the only assignment of error that we deem it necessary to consider on this appeal is that based upon the action of the county court in discharging the jury before the plaintiff had rested its case and before the defendants had called any of their witnesses to testify. We express no opinion as to the competency of any of the evidence which the defendants might have offered in defense of the action if they had been permitted to offer such evidence, or as to the merits of the appellants' claim that the note sued on was usurious. But we think the county court erred in discharging the jury before the appellants had been given an opportunity to offer any evidence in defense of the action. The appellants should have been accorded an opportunity to present their defense to the replevin action, to offer their evidence in an orderly manner, and to have the court pass upon the competency of the evidence as it was presented, and to have the court determine at the conclusion of the evidence whether there was an issue of fact for the jury to decide. The appellants were not accorded an opportunity to present their defense until after the court had discharged the jury.

For the error mentioned above, the circuit court on appeal should have reversed the judgment of the county court and should have remanded the case to its docket for a new trial, as provided in Section 1616, Code of 1942, Recompiled.

For the reasons stated, the judgment appealed from is reversed and the cause remanded to the circuit court for a new trial.

Reversed and remanded.

*Roberds, P. J.,* and *Lee, Arrington* and *Gillespie, JJ.,* concur.